UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NUMBER 3:26-cv-69-RGJ-LLK

ARTHUR A. MIGIROV PLAINTIFF

v.

BMW OF NORTH AMERICA, LLC DEFENDANT

MEMORANDUM OPINION AND ORDER

This case was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), for resolution of all litigation planning issues, a scheduling conference, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. Text Order of March 2, 2026 [DN 6]. At the request of the parties, this matter was set for a telephonic status conference on October 13, 2026. Text Order of October 6, 2026 [DN 23]. Counsel had reached an impasse regarding the format of expert depositions and sought the Court's assistance in settling their discovery dispute.

## I. BACKGROUND

This case involves a dispute over a sunroof leak and resulting damage to Plaintiff's 2023 BMW sport utility vehicle. Plaintiff brought suit under the Magnuson Moss Warranty Act, 15 U.S.C. § 2301, *et seq*., and the Kentucky Consumer Protection Act, KRS 367, *et seq*. seeking to compel Defendant BMW to repurchase the vehicle, and other damages. Complaint [DN 1-1] at 12. Defendant denies that it is liable to Plaintiff in any amount under any theory of recovery. [DN 9] at 1.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 30(b)(4) permits the Court, on motion order, to instruct that a deposition be taken by telephone or other remote means. Fed. R. Civ. P. 30(b)(4). Other district courts have held that "generally 'an examining party may set the place for the deposition of another party wherever he wishes subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different place.' " *Jacobs v. Floorco Enterprises, LLC*, No. 3:17-CV-90-RGJ-CHL, 2020 WL 1290607, at *14 (W.D. Ky. Mar. 18, 2020) (internal citation omitted). Because "a rule has 'evolved' such that 'in federal litigation, in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located.' " *Id.* Further, "district courts within the Sixth Circuit have considered the factors of cost, convenience, and litigation efficiency" in determining whether the requisite circumstances exist to overcome the general rule. *Schall v. Suzuki Motor of America, Inc.*, No. 4:14-cv-74-JHM, 2017 WL 5622498, at *4 (W.D. Ky. Nov. 21, 2017) (objections to magistrate judge's order overruled in *Schall v. Suzuki Motor of America, Inc.*, No. 4:14-cv-749-JHM, 2018 WL 283266, at *1 (W.D. Ky. Jan. 3, 2018); *Maker's Mark Distillery, Inc. v. Spalding Grp., Inc.*, No. 3:19-CV-00014-GNS-LLK, 2022 WL 4554433, at *2 (W.D. Ky. Sept. 29, 2022).

"Courts may liberally grant leave to take remote depositions where (i) the moving party has a 'legitimate reason for the request for a remote deposition,' and (ii) there is no prejudice to the non-moving party." *Id.* at 6 (citing *In re Onglyza (Saxagliptin) and Kombiglyze XR (Saxagliptin & Metformin) Prod. Liab. Litig.*, No. 5:18-MD-2809, 2020 WL 12814761 (E.D. Ky. Sept. 18, 2020)). *Onglyza* is instructive insofar as it states that "Rule 30(b)(4) was created for legitimate situations where being in-person is not viable." *Onglyza*, 2020 WL 12814761, at **2-3. It is also instructive as it places the burden upon the moving party to establish the "legitimate reason" for

conducting depositions remotely. *Id.* Upon showing a legitimate reason, the burden then shifts to the nonmoving party to show precisely why a remote deposition would prejudice the nonmoving party. *Id.*

## III. DISCUSSION

During the telephonic conference, Defense counsel expressed disagreement with Plaintiff's counsel over conducting the upcoming expert depositions remotely. Specifically, it was brought to the Court's attention that counsel had previously agreed to Plaintiff's deposition being taken via Zoom. Defense counsel was surprised on the day of Plaintiff's deposition to learn that he was the only party attending remotely; Plaintiff's counsel was present in the same room with her client. Defense counsel objected to Zoom being the format for the upcoming expert depositions, arguing that Fed. R. Civ. P. Rule 30 assumes that depositions will be taken in person, and that he would again be at a distinct disadvantage if he were the only one attending the expert depositions remotely. Plaintiff's counsel clearly indicated that she intended to again be present/in the same room with her expert, and for only defense counsel to attend via Zoom. Plaintiff's counsel further expressed that depositions are easier by Zoom, that her office is not large enough to accommodate everyone, and that she prefers not to be around so many people during a deposition.

Fed. R. Civ. Pro. Rule 30(b)(4) leaves it to the Court's broad discretion over discovery to determine whether there is a legitimate reason to take a deposition by telephone or other remote means under all the facts and circumstances of a given case. *See Roberts v. Homelite Div. of Textron, Inc.*, 109 F.R.D. 664, 666 (N.D. Ind. 1983). The decision whether to allow a remote deposition essentially involves a careful weighing of the reasons put forth by the proponent of the remote deposition and the claims of prejudice and hardship advanced by the party opposing the

deposition. *In re Broiler Chicken Antitrust Litig.*, No. 1:16-CV-08637, 2020 WL 3469166, at *7 (N.D. Ill. June 25, 2020). In the matter of *In re Chrysler Pacifica Fire Recall Products Liability Litigation*, 737 F.Supp.3d 611 (E.D. Mich. 2024), the Eastern District of Michigan recently noted

> The fact that depositions by remote means may be an economical and appropriate tool in some instances, *at least where the parties agree on the means*, or where extraordinary circumstances ... make an in-person examination unreasonably risky, does not mean that good cause has been shown to compel the taking of depositions by remote means across the board .. based merely on the routine convenience and expense that is incident to participation in litigation ....

*Id*. at 618-19. (Emphasis added.)

As noted above, defense counsel felt surprised and disadvantaged when he was the only person attending Plaintiff's deposition remotely. With that context, the Court understands counsel's reluctance to agree to any additional depositions via remote means. As discussed, expert depositions frequently require document-intensive questioning, a process that can be made easier when such depositions are in-person. A remote deposition could be less convenient and more complicated for defense counsel than attending in person. In addition, Defense counsel has a legitimate need to observe the expert's behavior and demeanor for purposes of trial. Other courts have recognized that remote depositions preclude "assessment of a deponent's demeanor, affect, non-verbal responses, and facial expressions." *Charr v. King*, No. 22-cv-22255-DAMIAN, 2023 WL 9792731 (S.D. Fla. November 3, 2023), at *2.

Given this Court's discretion to decide the location and mechanism by which depositions take place, the general predilection for the deposing party to travel to the witness' location, the Federal Rule's express language granting this Court authority to prescribe a remote option when necessary, and the cost/convenience/efficiency considerations that this Court must take into account, the Court determines that in-person depositions of the experts in this case is appropriate.

IV. CONCLUSION

Plaintiff lives in the Louisville/Jefferson County Metro area and filed his Complaint in Jefferson County Circuit Court, Plaintiff's counsel practices and has offices in the Louisville/Jefferson County Metro area, the expert(s) to be deposed will be in Louisville, and defense counsel indicates that he intends to participate in-person, in Louisville. The Court finds that the above-mentioned factors weigh in favor of in-person expert depositions in this case. Accordingly,

IT IS ORDERED that the depositions of the expert witnesses in this case will take place in person in Louisville, Kentucky, UNLESS the parties can agree otherwise—and in all aspects—upon an alternate remote option.

October 15, 2026

**Lanny King, Magistrate Judge**
**United States District Court**

P: 0/10